**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:23CV-P98-JHM**

**CARLOS THURMAN**                                                                      **PLAINTIFF**

**v.**

**COOKIE CREWS** *et al.*                                                          **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Carlos Thurman filed the instant *pro se* 42 U.S.C. § 1983 action.  The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss the action.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is an inmate at the Green River Correctional Complex (GRCC).  He filed a complaint on his own paper (DN 1).  The Clerk of Court issued a notice of deficiency directing Plaintiff to file his complaint on the Court-approved complaint form, and Plaintiff complied (DN 1-4). Plaintiff sues Cookie Crews, the Commissioner of the Department of Corrections (DOC); Randy White, the DOC Deputy Commissioner; John Dunn, the Director of Compliance at the Justice and Public Safety Cabinet; Allyson Lambert, the ombudsman of the DOC; Tim Lane, the GRCC Warden; Stacy Gibson, the GRCC Deputy Warden; and Brittany Lanier, a grievance coordinator at GRCC.  He sues each Defendant in his or her individual and official capacity.

Plaintiff states that on April 5, 2023, he "filed a Grievance on the Grievance Coordinator Brittany Lanier and the grievance process of Cpp 14.6 was not being followed."  He reports that on April 21, 2023, another inmate "submitted a request for Plaintiff to assist him at the grievance committee" but that Defendant Lanier denied the request.  He asserts that he was informed by the other inmate that Defendant Lanier told him "that had Plaintiff not filed a grievance on her, she

would have allowed Plaintiff to assist him."  Plaintiff also states that Defendant Lanier posted an open position for a grievance aide on May 10, May 24, and June 7, 2023, and that he submitted his application each time.  He maintains that "he was not considered even with close to 20 years of experience."  He states, "To keep Plaintiff from getting the job, Defendant [Lanier] called one of her grievance aides workers in her office and asked him if he was ok with only having two grievance aides workers" and he said "yes."  Plaintiff further states that Defendant Gibson "gave [Defendant Lanier] permission . . . [and] removed a institutional job from GRCC to keep Plaintiff from getting that job."

Plaintiff states that he filed another grievance against Defendant Lanier.  He reports that on the day of his grievance committee hearing, he had an appointment to review records with the prison's open records supervisor at the same time.  He states that the supervisor informed him that she had told Defendant Lanier that Plaintiff had an appointment with her.  However, Plaintiff reports that when he went to Defendant Lanier's office after the appointment, Plaintiff asked Defendant Lanier if he was going to reschedule his hearing, and she refused to reschedule it.

Plaintiff states these actions were retaliation in violation of the First Amendment.  He reports that he sent an email to Defendant Gibson informing her that Defendant Lanier "continues to retaliate against him."  He asserts that Defendant Gibson violated his First Amendment rights "when she conspired with Defendant Brittany Lanier by removing a grievance aide job position from the prison population just to keep Plaintiff from getting that position, because Plaintiff had filed a grievance on her and the grievance mechanism."

Plaintiff maintains that he informed Defendant Lane, the GRCC Warden, that he had been retaliated against and that Defendant Lane "had nothing to say."  He also states that Defendant Lambert, as the ombudsman, "failed to conduct any type of investigation of Plaintiff's retaliation

claim" and "failed to rectify the situation in her role as DOC Ombudsman." Plaintiff also alleges that Defendants White and Dunn "failed to rectify the situation" and alleges that Defendant Crews, as the DOC Commissioner, "was responsible for the actions of the DOC employee's who violated Plaintiff's rights."

As relief, Plaintiff seeks compensatory and punitive damages, declaratory relief, and "any other relief that the court deems equitable."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.   ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.   A claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendants Lanier and Gibson

To state a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

The Court will assume for purposes of this review only that Plaintiff has satisfied the first prong of a retaliation claim, *i.e.*, that he engaged in protected conduct by filing grievances against Defendant Lanier.  However, Plaintiff fails to satisfy the second prong.  The loss or refusal of a prison job does not constitute an adverse action to support a retaliation claim.  *See Vaughan v. Crews*, 3:23-CV-P100-CRS, 2023 U.S. Dist. LEXIS 168200, at *25 (W.D. Ky. Sept. 18, 2023) (finding that inmate's "loss of his prison job and the alleged refusals to provide him with another job do not provide actionable grounds for his retaliation claim"); *Hodge v. Renfrow*, No. 4:19-CV-

4

P35-JHM, 2019 U.S. Dist. LEXIS 142835, at *12-13 (W.D. Ky. Aug. 22, 2019) ("[T[he denial of a prison job has been held not to constitute an adverse action to support a retaliation claim."); *Bailey v. Ingram*, No. 5:14-279-DCR, 2014 U.S. Dist. LEXIS 152493, at *13-15 (E.D. Ky. Oct. 24, 2014) (holding that "the removal of a prisoner from his prison job has generally been held not to constitute an adverse action under the retaliation analysis") (collecting cases).  Further, an inmate has no constitutional right to a prison job or rehabilitative program.  *Bullock v. McGinnis*, 5 F. App'x 340, 348 (6th Cir. 2001) (prisoners have no constitutional right to rehabilitation, education, or jobs).

Furthermore, with respect to Plaintiff's allegation that Defendant Lanier refused to reschedule his grievance hearing, the denial or refusal to process a grievance also does not support an adverse action to satisfy the second prong of a retaliation claims.  *Cameron v. Gurnoe*, No. 2:19-cv-17, 2019 U.S. Dist. LEXIS 89527, at *11 (W.D. Mich. May 29, 2019) ("Refusing to process a grievance could not deter a person of ordinary firmness from engaging in protected conduct because it does not have any adverse consequences.  Prisoners . . . suffer no consequences for filing a grievance that is not processed."); *see also McCain v. Farrar*, No. 2:20-cv-3164, 2020 U.S. Dist. LEXIS 252938, at *16 (S.D. Ohio Aug. 24, 2020) ("Denial of a grievance is not a sufficiently adverse action to state a retaliation claim.").  Moreover, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure."  *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).

Accordingly, Plaintiff's retaliation claims against Defendants Lanier and Gibson must be dismissed for failure to state a claim upon which relief may be granted.

### B. Remaining defendants

Even if Plaintiff had stated a constitutional claim against Defendant Lanier or Gibson, his claims against the other Defendants would still fail.  The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability."  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  "[S]imple awareness of employees' misconduct does not lead to supervisor liability."  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Plaintiff does not allege that Defendant Crews, White, Dunn, Lambert, or Lane was personally involved in violating his constitutional rights.  His allegations against these Defendants are based only on their ostensible roles as supervisors of Defendant Lanier and/or Gibson.

Therefore, his against these Defendants must also be dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date:   January 31, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
4414.010